**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

FEB 0 6 2012

JAMES W. McCORMACK, CLERK
By:_____
              DEP CLERK

| | | |
|---|---|---|
| **RICHARD L. COX, TRUSTEE FOR AFFILIATED FOODS SOUTHWEST, INC.** | | **PLAINTIFF** |
| VS. | NO. 4:11-CV-00558-SWW | |
| **DAVID HENDRIX, ET AL.** | | **DEFENDANTS** |

| | | |
|---|---|---|
| **M. RANDY RICE, CHAPTER 7 TRUSTEE FOR SHUR-VALU STAMPS, INC., ET AL.** | | **PLAINTIFF** |
| VS. | NO. 4:11-CV-00668-SWW (Consolidated) | |
| **JOHN MILLS, ET AL.** | | **DEFENDANTS** |

## AGREED PROTECTIVE ORDER

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and the Amended Scheduling Order and Case Management Plan entered in this case on January 12, 2012, and for good cause shown, the parties hereby stipulate to the entry of the following protective order:

**It is hereby ORDERED as follows:**

1. **SCOPE.** This Agreed Protective Order shall govern the disclosure and use of any information, document, or thing, or portion thereof, produced in connection with this litigation. The measures designated by the parties in this Agreed Protective Order are reasonable and will not prejudice anyone or unduly burden the Court. Counsel shall advise their clients, staff, experts, consultants, investigators, witnesses, court reporters and videographers of this Agreed Protective Order and advise them of the need to maintain the confidentiality of all information within the scope of this Agreed Protective Order.

2. **CONFIDENTIAL MATERIAL.** The parties may designate as CONFIDENTIAL all or part of the following material: (1) answers to interrogatories or requests for admission; (2) deposition testimony; (3) documents produced by or made available for inspection by any party or by any non-party; and (4) any other materials or information produced or disclosed pursuant to this Agreed Protective Order. Materials designated as CONFIDENTIAL are hereinafter referred to as "Confidential Material."

      a.    A party may designate material as CONFIDENTIAL after they make a good faith determination that the material or information includes or constitutes information which the party or third party is under a duty to maintain in confidence, including any information, document, or thing, or portion of any document or thing: (1) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (2) that contains private or confidential personal information, or (3) that contains information received in confidence from third parties, or (4) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

      b.    Documentary material may be designated as CONFIDENTIAL by stamping or otherwise marking each page with "CONFIDENTIAL" or similar legend in addition to the production number (e.g. "Trustee 0001") contained in the document.

      c.    A party may designate as CONFIDENTIAL any information produced or exchanged informally prior to the entry of this Agreed Protective Order at any time after the entry of this Agreed Protective Order.

3.    **INADVERTENT DISCLOSURE AND BELATED DESIGNATION.** Notwithstanding the obligations to timely designate Confidential Material, nothing contained herein shall preclude a party from later designating Confidential Material or changing that designation and notifying counsel for the other parties in writing of that designation change; provided, however, that it shall not be deemed a breach of this Agreed Protective Order for any action to have been taken by a party or its counsel with respect to such information consistent with the original designation (or non-designation) of such information prior to receipt of such notice. A party and its counsel receiving such written notice shall make every reasonable effort to retrieve any such materials from persons not authorized to receive them pursuant to this Agreed Protective Order and to avoid further unauthorized disclosure.

4.    **INADVERTENT DISCLOSURE OF WORK PRODUCT OR PRIVILEGED INFORMATION.** The inadvertent or mistaken production of material subject to a claim of attorney-client, work product or other privilege or protection shall not be deemed a waiver of a claim of privilege. Additionally, any party's production of otherwise privileged documents or materials, including document inventories on compact disks, via electronically scanned or transmitted documents or other electronic medium, shall not be construed as a waiver or violation of any privilege or discovery protection, including the attorney-client and work product privileges. A producing party who mistakenly or inadvertently produces material subject to a claim of privilege or protection from discovery may promptly, upon discovery of such disclosure, request that the parties receiving such material to return it. The receiving parties shall return all copies thereof within three (3) business days of the request. Any notes or summaries referring or relating to any material claimed as privileged shall be destroyed. Nothing contained herein shall constitute an admission by any party receiving such material that it is privileged or preclude any such party from subsequently seeking an order compelling its production. The parties acknowledge, understand, and agree that they have not, and do not by entering into this Agreed Protective Order, waive their attorney-client privilege.

5. **NON-USE.** All information which is or has been produced or discovered in this litigation, regardless of whether designated as Confidential Material, shall be used solely for the prosecution or defense of this litigation, unless the information is available to the general public without a breach of the terms of this Agreed Protective Order. Nothing herein shall prohibit any party from using its own Confidential Material for any use.

The parties recognize the possibility that there are documents that may be disclosed pursuant to this Agreed Protective Order which would fall into the category of Human Resource/Employee/Personnel information ("HR Information"). The parties therefore agree that all HR Information shall be treated with the highest confidentiality and shall not be used for any purpose this is not absolutely necessary and pertinent to the issues in this litigation, and that any such use shall be done in such a way that the confidentiality of the HR Information is maintained.

6. **ACCESS TO CONFIDENTIAL MATERIAL.** Materials designated CONFIDENTIAL, information contained therein, and any summaries, copies or other documents derived in whole or in part therefrom, shall not be disclosed by the parties except to:

   a. the Court, including the jury and the Court's officers;

   b. outside experts, whether consulting or testifying, who have been expressly retained to assist in the prosecution or defense of this litigation counsel, and the paraprofessional, technical and clerical staff of such persons provided that the expert in writing acknowledges and agrees to be bound by the terms of this Agreed Protective Order;

   c. deponents and witnesses during any deposition, hearing or trial;

   d. court reporters and videographers, solely for the purpose of transcribing and/or recording testimony;

   e. independent litigation support services personnel, including copying services, imaging and coding services, trial exhibit preparation services;

   f. the mediator and his or her paraprofessional, technical and clerical staff; and

   g. other persons as agreed in writing by the parties.

7. **RESERVATION OF RIGHTS.** The parties acknowledge and agree that nothing contained herein shall be deemed a waiver of rights, or shall prejudice or otherwise affect the rights of the parties to make good faith objections to discovery where appropriate, all of which rights are expressly reserved.

8. **THIRD PARTIES.** All parties to this Agreed Protective Order agree that, before any Confidential Material are provided to any Third Party for any reason, the party providing the documents to the Third Party (as defined herein) shall first obtain the signature of the Third Party on the verification attached hereto as <u>Exhibit A</u>. The term "Third Party" shall include, but is not limited to, copy service vendors, consulting or testifying expert witnesses, or any type of trial service vendor. Confidential Material shall be revealed only to the persons permitted access to it pursuant to paragraph 6 above, and shall not be disclosed by the Third Party to any other persons. Confidential Material shall be used by the Third Party solely for the purposes of this litigation.

9. **DISPUTE RESOLUTION.** If any party objects to the designation of any material as Confidential Material, such party shall state the objection by letter to counsel for the designating party. If the parties are then unable to resolve the objection, any party may move the Court to do so. Until the Court rules on the motion, the Confidential Material at issue shall be continued to be treated as confidential.

10. **FILING.** This Agreed Protective Order does not provide for filing Confidential Material under seal and any party wishing to impose that restriction must obtain an additional protective order from the Court.

11. **TRIAL.** The parties, together with the Court, shall determine the manner in which Confidential Material shall be used at trial.

12. **TERM OF AGREED PROTECTIVE ORDER.** The Agreed Protective Order is valid throughout the course of this litigation, including all proceedings and/or appeals, and shall survive the termination of the litigation.

IT IS SO ORDERED this ___6th___ of February 2012.

_____
U. S. District Judge Susan Webber Wright

## **VERIFICATION**

_____, on behalf of _____, ("Third Party") understand that the documents Third Party is receiving are subject to the attached Agreed Protective Order and Third Party further verifies by the signature below that Third Party agrees to be bound by the same terms of the Agreed Protective Order.

Except as contemplated under the terms of Third Party's contract for services with _____, Third Party will not keep or maintain any copy, electronic or otherwise of the subject documents. Third Party further agrees to ensure that any employees, agents, or other persons subject to Third Party's control with access to these documents will neither make additional unauthorized copies, or wrongfully cause or allow retention of proper existing copies.

Third Party will destroy or return the originals or any copies of the documents, as instructed by the parties, at the conclusion of the pending litigation referenced in the Agreed Protective Order.

_____

By:_____

Its:_____

Date:_____

Exhibit A